1  PATRICIA BARBOSA, Esq. (SBN 125865)
   MICHELLE UZETA, Esq. (SBN 164402)
2  **BARBOSA, METZ & HARRISON, LLP**
   17547 Ventura Blvd., Suite 310
3  Encino, CA 91316
   Tel: (818) 386-1200
4  Fax: (818) 386-1212
   PBarbosa@bmhlegal.com
5  MUzeta@bmhlegal.com
6
   Attorneys for Plaintiff,
7  CHRISTY RUDDER

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11
   CHRISTY RUDDER,                   ) Case No. SACV11-00862 JVS(PNBx)
12                                   )
                                     ) **Civil Rights**
13          Plaintiff,               )
                                     )
14 vs.                              ) **COMPLAINT FOR INJUNCTIVE**
                                     ) **RELIEF AND DAMAGES:** FOR
15                                   ) DISABILITY DISCRIMINATION IN
   BEVERY HILLS FARM, INC, dba THE  ) VIOLATION OF TITLE III OF THE
16 FARM OF BEVERLY HILLS; LA         ) AMERICANS WITH DISABILITIES
   LIVE PROPERTIES, LLC; and DOES 1 ) ACT AND CALIFORNIA'S CIVIL
17 through 10, Inclusive,            ) RIGHTS STATUTES (Health & Safety
                                     ) Code § 19955 *et seq.* and Civil Code
18                                   ) § 51,)
           Defendants.               )
19                                   ) **DEMAND FOR JURY TRIAL**
                                     )
20
21
22
23
24
25 ///
26 ///
27 ///
28

**ADA (TIT. III) COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**
Case No.                                                                    1

1       Plaintiff CHRISTY RUDDER complains of Defendants BEVERY HILLS

2   FARM, INC, dba THE FARM OF BEVERLY HILLS; LA LIVE PROPERTIES,

3   LLC; and DOES 1 through 10, Inclusive, and alleges as follows:

4

5   **INTRODUCTION:**

6       1.      Over twenty years ago, President Bush signed the Americans with

7   Disabilities Act ("ADA"), establishing the most important civil rights law for persons

8   with disabilities in our country's history. One of the principal goals of the ADA is the

9   integration of people with disabilities into the country's economic and social life. 42

10  U.S.C. § 12101(a)  Despite this long-standing mandate, Defendants -- the owners,

11  operators, lessors and lessees of The Farm of Beverly Hills in Los Angeles,

12  California -- have failed to provide disabled persons with full and equal access to

13  their goods and services in violation of the ADA by constructing and/or failing to

14  remove architectural barriers that prevent persons who use wheelchairs from being

15  able to use and enjoy their facilities in a full and equal manner as able-bodied

16  persons. In so doing, Defendants have also violated California civil rights laws

17  including Health and Safety Code §19955 *et seq*.; and the Unruh Civil Rights Act

18  ("Unruh Act"), Cal. Civ. Code § 51 *et seq*.

19      2.      As a result of Defendants' discriminatory acts and omissions, Plaintiff

20  has suffered, and will continue to suffer, damages, and has been, and will continue to

21  be prevented and/or deterred from accessing and using Defendants' goods, services

22  and facilities to the same extent as, and in a manner equal to, her able-bodied peers.

23  Through this lawsuit, Plaintiff seeks compensation for her injuries and an injunction

24  requiring Defendants to provide "full and equal" access to their public facilities for

25  disabled persons as required by law.

26  **JURISDICTION AND VENUE:**

27      3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331

28

---

**ADA (TIT. III) COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**
Case No.                                                                                    2

1  for violations of the ADA, 42 U.S.C. 12101 *et seq*. Pursuant to supplemental

2  jurisdiction, attendant and related causes of action, arising from the same facts, are

3  also brought under California law, including but not limited to violations of

4  California Health & Safety Code §19955 *et seq*.; and the Unruh Act, Cal. Civ. Code §

5  51 *et seq*.

6      4.     Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

7  founded on the fact that the real property which is the subject of this action is located

8  in the Central District and that Plaintiff's causes of action arose in the Central

9  District.

10  **PARTIES:**

11      5.     Plaintiff CHRISTY RUDDER ("Plaintiff") is, and at all times relevant

12  herein was, a qualified individual with a physical "disability" as defined under

13  Department of Justice regulation 28 CFR § 36.104 and California Government Code

14  § 12926. Plaintiff is unable to independently stand or walk, and has limited range of

15  motion in her arms as the result of injuries sustained in car accidents, and requires the

16  use of a wheelchair for mobility. Plaintiff is unable, due to her physical disability, to

17  independently use public facilities that are not designed and/or constructed in

18  compliance with applicable accessibility standards to accommodate disabled persons

19  who require a wheelchair for mobility. Plaintiff is, and at all times relevant hereto

20  was, a resident of California.

21      6.     On information and belief, Defendants BEVERY HILLS FARM, INC,

22  dba THE FARM OF BEVERLY HILLS; LA LIVE PROPERTIES, LLC; and DOES

23  1 through 10, Inclusive (collectively "Defendants"), are, and at all times relevant

24  herein were, the owners, operators, lessors and/or lessees of The Farm of Beverly

25  Hills ("The Farm") , a restaurant located at 800 West Olympic Boulevard, Suite A

26  150, Los Angeles, CA 90015.

27

28

---

**ADA (TIT. III) COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**
Case No.                                                                                      3

1      7.    Plaintiff is informed and believes that each of the Defendants is the

2 agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer,

3 employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent,

4 subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity,

5 of each of the other Defendants, and was at all times acting and performing, or failing

6 to act or perform, within the course and scope of such similar aforementioned

7 capacities, and with the authorization, consent, permission or ratification of each of

8 the other Defendants, and is personally responsible in some manner for the acts and

9 omissions of the other Defendants in proximately causing the violations and damages

10 complained of herein, and have participated, directed, and have ostensibly and/or

11 directly approved or ratified each of the acts or omissions of each of the other

12 Defendants, as herein described. Plaintiff will seek leave to amend when the true

13 names, capacities, connections, and responsibilities of Defendants DOES 1 through

14 10, inclusive are ascertained.

15 **FACTS UPON WHICH ALL CLAIMS ARE BASED**

16      8.    The Farm of Beverly Hills is one of many restaurants located in "L.A.

17 Live", a vibrant sports and entertainment district in the heart of downtown Los

18 Angeles anchored by the STAPLES Center and Nokia Theatre. "L.A. Live" was

19 newly constructed starting in 2005, with The Farm promoting itself as "a comfort

20 food haven for the hard working downtown crowd". Boasting an indoor/outdoor

21 fireplace in the bar and patio and a private dining room, The Farm is a popular eating

22 spot for Los Angeles residents, commuters, guests and tourists. Seating available for

23 guests includes booth and table seating, separate seating in the Bar with a television,

24 outdoor seating area with an outdoor fireplace, and patio seating to view the

25 passersby. Unfortunately, although constructed fifteen years after the effective date of

26 Title III of the ADA, The Farm does not offer its disabled guests the full and equal

27 experience it offers to its able-bodied guests.

28

9.     The Farm is a "place of public accommodation" as defined under Title III of the ADA, 42 U.S.C. 12181(7)(B), and California civil rights laws. Cal. Civ. Code §§ 51 *et seq*.; and Health & Saf. Code § 19955 *et seq*.

10.    Plaintiff and other similarly situated physically disabled persons who require the use of a wheelchair or other mobility device, are unable to use the different facilities and amenities offered at The Farm on a "full and equal" basis unless they are brought into compliance with Title III, 42 U.S.C. § 12181 *et seq*.; Health & Safety Code § 19955 *et seq*.; and California Code of Regulations, Title 24-2 ("Title 24-2"), all of which are designed to ensure full and equal access for persons with disabilities in places of public accommodation. Plaintiff is a member of that portion of the public whose rights are protected by these laws.

11.    Plaintiff visited The Farm twice on or about April 17, 2010, while participating in the 2010 Democratic Convention at the Los Angeles Convention Center. In the morning, Plaintiff visited The Farm seeking something quick to eat before starting her work at the convention. When she arrived she was told by staff that there was no seating available in the main dining area. Plaintiff asked if she could be seated in the Bar area adjacent to the main dining room, where she saw two persons sitting, but was advised by staff that there was no Bar seating available for her, as she was in a wheelchair and the Bar tables were raised too high for a wheelchair user to sit. Plaintiff observed that the Bar area seating consisted of all high benches and tables that were inaccessible to her as a wheelchair user. Although Plaintiff saw a lowered section at the end of the Bar, it was separated from the rest of the Bar seating, and was being used by the staff/servers to place their food and drinks, and had a computer sitting on it for use by staff.  Staff did not offer to have Plaintiff sit in the lowered portion of the Bar, or offer her any other seating areas. Because there was no seating available in the main dining room and the Bar tables were inaccessible, Plaintiff left The Farm, disappointed, embarrassed and without being

1   served.

2       12.     Later that same day, Plaintiff was asked to go to lunch with the

3   candidate from her district and a few of his staff. Plaintiff was still interested in

4   dining at The Farm, so when the party chose to go there for lunch, Plaintiff went

5   along with the choice. Upon arriving at The Farm, Plaintiff and her party were seated

6   in the main dining area. Plaintiff was seated at the end of a booth, which meant that

7   her wheelchair protruded into the aisle way, and was in the way of people passing

8   behind her who jostled and pressed against her chair. Plaintiff felt conspicuous and

9   embarrassed that she was drawing unwanted attention as staff and patrons had to

10  squeeze behind her to pass. On information and belief, all of the tables in the dining

11  room and on the patio are inaccessible as the pedestal-style bases on all of the tables

12  block the foot pedals on wheelchairs from rolling fully under the table.

13      13.     Before being served, Plaintiff needed to use the restroom. She found that

14  she could not open the door to the women's restroom as it was too heavy for her. A

15  woman exiting the restroom opened the door for her so she could enter. Once inside,

16  Plaintiff found she could not wash her hands or use the hand dryer while seated in her

17  wheelchair. Plaintiff could not reach the sink, as there was a wooden bench blocking

18  its access. Plaintiff asked another woman in the restroom to help her move the bench

19  so she could reach the sink. However, even when the bench was moved Plaintiff

20  experienced barriers using the trough-style sink, as it did not have sufficient knee

21  clearance to accommodate her wheelchair. The soap dispensers were mounted too

22  high and out of reach for Plaintiff. The woman who had previously assisted Plaintiff

23  took soap from a high dispenser and put it into Plaintiff's hands so she could wash

24  her hands. After struggling to rinse her hands in the trough sink, Plaintiff found that

25  there were no paper towels to dry her hands. Instead there was a mounted hand dryer

26  that required her to raise her hands over her head and drop them into the top of the

27  dryer. Plaintiff was unable to use the hand dryer correctly, and when she attempted to

28

use it, the water from her hands was splashed into her face. Plaintiff left the restroom frustrated, disheartened and embarrassed that she had to ask for help to open the restroom door and wash her hands, and was unable to dry her hands before returning to the table.

14.     On information and belief there are other access barriers and discriminatory policies, in addition to those described above, that exclude and deter Plaintiff from enjoying full and equal access to and use of the same goods, services, facilities, privileges, advantages, and accommodations offered by The Farm to the general public, including, *but not limited to*:

- Incorrect and insufficient International Symbol of Access signage;
- Hostess and take-out counters that are too high;
- Insufficient space in the outdoor fireplace lounge for wheelchair users to sit with able-bodied persons;
- Insufficient path of travel for wheelchair users to sit in the side patio to watch passersby; and
- Insufficient path of travel for wheelchair users to, through and within the restaurant, and outdoor patio

15.     Upon leaving The Farm after lunch on or about April 17, 2010, Plaintiff attempted to inform the staff of the barriers in the restroom and dining areas, but the staff was too busy to listen to her, and failed to direct her to a responsible employee. When told that the bench in the women's restroom blocked access to the sink, the staff persons acknowledged that they knew about this barrier, and left Plaintiff with no response to her request for the bench to be removed. On information and belief, Defendants have been on notice that the seating, the Bar and the restrooms all have significant barriers that deny, deter or exclude Plaintiff and other persons with disabilities from enjoying the full and equal experience offered by Defendants, and have taken no action to remove these barriers.

16.     Plaintiff has returned to the convention center on multiple occasions after the events set forth in this Complaint, to participate in seminars, conferences and the 2010 and 2011 Abilities Expos. Plaintiff wanted to dine at The Farm with her friends during her visits to the Convention Center, but was deterred from doing so due to her knowledge that the Bar, the seating in the dining room and the bathrooms were inaccessible to her and other persons using wheelchairs or other mobility devices, and did not want to subject herself or other disabled persons to discrimination at The Farm until the barriers were removed.

17.     Plaintiff would like to be able to fully access, use and enjoy the goods, services, facilities, privileges, advantages, and accommodations of The Farm, but has been excluded and deterred from doing so due to the access barriers she has encountered, which discriminate against her and deter her from using The Farm's facilities.  Until these barriers are removed, Plaintiff will continue to suffer discrimination by being excluded and deterred from returning to The Farm, and will continue to be denied full and equal access to and use of the same goods, services, facilities, privileges, advantages, and accommodations offered by The Farm to the general public.

18.     As the result of Defendants' acts and omissions, as herein described, Plaintiff was, and will continue to be denied full and equal access to the goods, services, facilities, privileges, advantages, or accommodations of The Farm and has suffered discrimination, humiliation, pain, emotional distress, and embarrassment, all to her damage. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – TITLE III**
**42 USC §12101 *et seq.***

19.     Plaintiff repleads and incorporates by reference, as if fully set forth again

1    herein, the allegations contained in Paragraphs 1 through 18 of this Complaint,

2    and incorporates them herein as if separately repled.

3        20.    In 1990 the United States Congress found that laws were needed to more

4    fully protect "some 43 million Americans with one or more physical or mental

5    disabilities; that historically society has tended to isolate and segregate individuals

6    with disabilities", and that "such forms of discrimination against individuals with

7    disabilities continue to be a serious and pervasive social problem; that the nation's

8    proper goals regarding individuals with disabilities are to assure equality of

9    opportunity, full participation, independent living and economic self-sufficiency for

10   such individuals; and that the continuing existence of unfair and unnecessary

11   discrimination and prejudice denies people with disabilities the opportunity to

12   compete on an equal basis and to pursue those opportunities for which our free

13   society is justifiably famous." 42 U.S.C. §12101.

14       21.    Congress stated as its purpose in passing the Americans with Disabilities

15   Act, 42 U.S.C. §12101(b):

16   It is the purpose of this act:

17       (1) to provide a clear and comprehensive national mandate for the

18       elimination of discrimination against individuals with disabilities;

19       (2) to provide clear, strong, consistent, enforceable standards addressing

20       discrimination against individuals with disabilities;

21       (3) to ensure that the Federal government plays a central role in enforcing

22       the standards established in this act on behalf of individuals with

23       disabilities; and

24       (4) to invoke the sweep of Congressional authority, including the power to

25       enforce the 14th Amendment and to regulate commerce, in order to

26       address the major areas of discrimination faced day to day by people

27       with disabilities.

28

---

**ADA (TIT. III) COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**
Case No.                                                                                                  9

22.   As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. 12181 *et seq.* Among "private entities" which are considered "public accommodations" for purposes of this title are "restaurants". 42 U.S.C. §12181(7)(B)

23.   Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24.   Defendants have discriminated against Plaintiff on the basis of her disability in violation of Title III of the ADA and its implementing regulations. Defendants' discriminatory conduct includes, but is not limited to:

    A.  Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    B.  Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

    C.  Failing to design and/or construct facilities built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. A. 42 U.S.C. § 12183(a)(1); 28 C.F.R. §§ 36.401, 36.406(a); Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2); 28 C.F.R. §§ 36.402, 36.403, 36.406(a);

D. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv); 28 C.F.R. § 36.304.

Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### Cal. Health & Safety Code §§ 19955 *et seq.*

25.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 24 of this Complaint, and incorporates them herein as if separately repled.

26.     California Health & Safety Code §§ 19955 et seq. was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public…," and includes restaurants and related sanitary facilities, shopping centers and related sanitary facilities, and curbs and sidewalks intended for public use. California Health & Safety Code § 19955.

27.     On information and belief, The Farm and its related facilities underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as The Farm and their related facilities, undergo an "alteration, structural repair or addition."

Pursuant to the remedies, procedures, and rights set forth in Health & Safety Code § 19953, Plaintiff prays for judgment as set forth below.

---

**ADA (TIT. III) COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**
Case No.                                                                                    11

**THIRD CAUSE OF ACTION**
**UNRUH CIVIL RIGHTS ACT**
**(Cal. Civ. Code §51 *et seq.*)**

28.     Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.     The Farm is a business establishments and, as such, must comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, *et seq.*

30.     The Unruh Act guarantees, <u>inter alia</u>, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code, § 51(b)

31.     The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

32.     Defendants have violated the Unruh Act by, <u>inter alia</u>, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at The Farm.

33.     Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

1.     That this Court issue an injunction pursuant to Title III of the ADA and Plaintiff's related state law claims:

    A.     Ordering Defendants to alter their facilities to make such facilities readily accessible to and usable by individuals with disabilities;

1          and

2          B.      Prohibiting operation of Defendants' public accommodations and

3                  facilities until they provide full and equal access to physically

4                  disabled persons, and requiring that such access be immediately

5                  provided.

6      2.      That this Court award general, compensatory, and statutory damages

7  pursuant to the Unruh Act in an amount within the jurisdiction of this court, and that

8  these damages be trebled according to statute;

9      3.      That this Court award special and consequential damages according to

10 proof;

11     4.      That this Court award attorneys' fees, litigation expenses and costs of

12 suit, pursuant to Title III of the ADA, 42 U.S.C. § 12205; California Civil Code §§

13 52, and 55; California Health & Safety Code § 19953; and California Code of Civil

14 Procedure § 1021.5;

15     5.      Such other and further relief as the Court may deem just and proper.

16

17 Dated: June ____, 2011          **BARBOSA, METZ & HARRISON, LLP**

18

19                        By:     _____

20                                PATRICIA BARBOSA, Esq.
                                  MICHELLE UZETA, Esq.
21                                Attorneys for Plaintiff, Christy Rudder

22

23

24

25

26

27

28

---

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands a jury for all claims for which a jury is

3   permitted.

4

5   Dated: June ⅔ , 2011          **BARBOSA, METZ & HARRISON, LLP**

6

7                      By:   _PBarbosa_____

8                            PATRICIA BARBOSA, Esq.
                             MICHELLE UZETA, Esq.
9                            Attorneys for Plaintiff, Christie Rudder

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV11- 862 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division** | [X] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Patricia Barbosa, Esq. (SBN: 125865)
Michelle Uzeta Esq. (SBN 164402)
Barbosa, Metz & Harrison, LLP
17547 Ventura Blvd, Suite 310
Encino, CA 91316
Tel: 818-386-1200, Fax: 818-386-1212

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHRISTY RUDDER,

                                   PLAINTIFF(S)

                    v.

BEVERY HILLS FARM, INC, dba THE FARM OF
BEVERLY HILLS; LA LIVE PROPERTIES, LLC;
and DOES 1 through 10, Inclusive,

                                   DEFENDANT(S).

CASE NUMBER

SACV11-00862 JVS(RNRx)

**SUMMONS**

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Patricia Barbosa & Michelle Uzeta____, whose address is _17547 Ventura Blvd, Suite 310, Encino, CA 91316_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____JUN - 9 2011_____

By: _____
                    Deputy Clerk

                    *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Patricia Barbosa, Esq. (SBN: 125865)
Michelle Uzeta Esq. (SBN 164402)
Barbosa, Metz & Harrison, LLP
17547 Ventura Blvd, Suite 310
Encino, CA 91316
Tel: 818-386-1200, Fax: 818-386-1212

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTY RUDDER, | CASE NUMBER |
| PLAINTIFF(S) | SACV11-00862 JVS (RNBX) |
| v. | |
| BEVERY HILLS FARM, INC, dba THE FARM OF BEVERLY HILLS; LA LIVE PROPERTIES, LLC; and DOES 1 through 10, Inclusive, | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Patricia Barbosa & Michelle Uzeta____, whose address is _17547 Ventura Blvd, Suite 310, Encino, CA 91316_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: ___JUN - 9 2011___

Clerk, U.S. District Court

**JULIE PRADO**  *SEAL*

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) CHRISTY RUDDER, | DEFENDANTS BEVERY HILLS FARM, INC, dba THE FARM OF BEVERLY HILLS; LA LIVE PROPERTIES, LLC; and DOES 1 through 10, Inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Patricia Barbosa, Esq. (SBN: 125865), Michelle Uzeta, Esq. (SBN 164402) Barbosa, Metz, & Harrison, LLP, 17547 Ventura Blvd, Suite 310 Encino, CA 91316, Tel: 818-386-1200, Fax: 818-386-1212 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No       ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Denial of Civil Rights of a disabled person in violation of Title III of the ADA.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☑ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV11-00862

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| CHRISTIE RUDDER- Orange County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Defendants- Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *P Kartoon*                    Date June 08 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |